## KALGIN PACKING CO. v. FIRE ASS'N OF PHILADELPHIA.

### No. 7194.

Circuit Court of Appeals, Ninth Circuit.
Nov. 13, 1933.

Harry Ellsworth Foster, of Olympia, Wash., and Christopher Jacobsen, of Seattle, Wash., for appellant.

George Harroun, C. E. H. Maloy, Roger L. Shidler, and Harroun, Maloy & Shidler, all of Seattle, Wash., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and FEE, District Judge.

WILBUR, Circuit Judge.

This is an action to recover on an insurance policy issued by the appellee covering the cargo of the schooner Alice Cooke which was being used as a floating fish saltery in Alaskan waters. The policy expired at noon on the 15th day of November, 1931. The schooner and cargo were totally destroyed on November 17th by a fire which the plaintiff claims originated on or about the 13th day of November. The District Court instructed the jury to return a verdict for the defendant on the ground that there was not sufficient evidence that the fire originated before the expiration of the policy.

The sole question presented by the appeal is whether or not this ruling was erroneous; that is, whether there was any substantial evidence that the fire occurred before noon on November 15, 1931, when the policy expired.

We think the ruling of the trial court was correct. The only evidence adduced to support the contention that the fire was under way at the time the policy expired is the testimony of members of the crew that they smelled smoke as early as the morning of November 14th and continued intermittently so to do until the hatches of the vessel were opened on November 17th when the ship burst into flames and was destroyed.

About the only thing in the record that tends to connect this smell of smoke with the fire which subsequently destroyed the vessel is the testimony of the witnesses that it was the same sort of smell or odor. The members of the crew who smelled the smoke abandoned such efforts as they made to discover the source and came to the conclusion that no fire was in progress.

Much space was taken in the briefs in the discussion of the question as to whether or not, if there is smoke proceeding from a source which subsequently bursts into flame and destroys the vessel, it is sufficient evidence of a fire. Authorities are cited to the effect that in the absence of flame or glow there is no fire. Western Woolen Mill Co. v. Northern Assurance Co. (C. C. A.) 139 F. 637. It is unnecessary to consider that question in this case as it is entirely a matter of speculation whether or not the smoke or smell which was observed on the 14th had any connection with the fire which subsequently destroyed the vessel. A verdict based upon the theory that this smoke was the result of the fire which destroyed the vessel, or was the result of the processes of oxidation which ultimately resulted in the destruction of the vessel, is therefore a matter of pure speculation and a verdict cannot be predicated thereon.

Judgment affirmed.